The opinion of the Court was delivered by
Mr. J ustice Grimke.
With respect to the first point, it appears that the plaintiff^ knowing where a certain family of negroes was, proposed to show them to the defendant, upon his paying him 100 dollars; and that in offering this contract to the consideration of the defendant; he endeavoured, in the first instance, to mislead the defendant, assuring him that the negroes were not in Newberry, but 100 miles off! It is proper and necessary that every party who enters into a contract, should do so with the utmost fairness and good faith, and that wherever any fraud or concealment of any circumstances is practised by either party, it vitiates the contract. In the present case this attempt was made by the plaintiff; for when the defendant informed him that he had heard of such negroes answering this description, the plaintiff endeavoured to persuade him these were not the *373 negroes he was inquiring about, when in fact it turned out that these were the very negroes he was in search of, and this the plaintiff himself acknowledged afterwards, and that they were in ■ the very district in which the defendant had informed him they were, as he understood. I am therefore of opinion that the plaintiff was not entitled even to the trifling sum which the Jury have given him, and that there must be a new trial. On the 2d ground, I have no doubt that the retiring of the Jury, and the amending of their verdict, was consonant to the uniform practice and usage of the Courts, and that great injustice would frequently be done, where the Jury are mistaken, unless they had an opportunity of rectifying, under the eye of the Court, such error as they have committed.
CokocJc, JSfott, Cheves, and Gantt, J. concurred.